UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| BOBBY E. HAZEL, | ) | |
| a/k/a BOBBY HAZEL,[1] | ) | Civil Action No. 16-71-DLB |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| RAY ORMOND, *Warden*, | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Bobby E. Hazel is an inmate confined by the Bureau of Prisons in the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Hazel has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1].[2] Hazel is serving a life sentence, but he seeks an order directing the BOP to reconsider its prior decisions denying him a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and to grant him a compassionate release from federal custody. Hazel has paid the $5.00 filing fee. *See* Docket Entry to R. 1.

---

[1] The Bureau of Prisons ("BOP") identifies Hazel, BOP Register No. 41097-133, as "Bobby Hazel." *See* https://www.bop.gov/inmateloc/ (last visited on May 2, 2016). The Clerk of the Court will be instructed to list, on the CM/ECF cover sheet, "Bobby Hazel" as an alias designation to Petitioner Bobby E. Hazel.

[2] Hazel filed this § 2241 proceeding on March 18, 2016, in the United States District Court for the District of Columbia. *See Bobby E. Hazel v. Charles Samuels, Jr.*, No. 16-0543(RC) (D.D.C. 2016). On April 5, 2016, the District of Columbia transferred the proceeding to this district, based on the fact that Hazel's custodian is located in this district, and that the proper respondent in a habeas proceeding is the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). [R. 3] The transfer was administratively effectuated on April 29, 2016. [R. 4] Consistent with the rule announced in *Rumsfeld*, the proper respondent to this action should be Ray Ormond, the Warden of USP-McCreary, and the Clerk of the Court will be instructed to substitute, on the CM/ECF cover sheet, Ray Ormond, Warden of the USP-McCreary, as the Respondent to this proceeding, in place of Charles Samuels, the Director of the BOP.

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Hazel's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts Hazel's allegations as true, and liberally construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But for the reasons set forth below, the Court has determined that Hazel is not entitled to relief under § 2241, and will therefore deny his habeas petition.

## BACKGROUND

In 1993, a federal jury in Alexandria, Virginia, convicted Hazel of first degree murder of another inmate, in violation of 18 U.S.C. §§ 1111 and 2, and possession of a dangerous weapon, 18 U.S.C. § 13 (assimilating Va. Code. Ann. § 52.1-203(4)). *United States v. Bobby Hazel*, No. 1:93-CR-62 (E. D. Va. 1993)   Hazel was sentenced to life imprisonment and appealed, but his conviction was affirmed.  *United States v. Bobby Hazel, et al.*, 33 F.3d 53, 1994 WL 440407 (4th Cir. Aug. 16, 1994) (Table)

Hazel immediately collaterally challenged his conviction.  Hazel's unsuccessful prior litigation, in which he attacked his conviction and then appealed each decision against him, is found in *Hazel v. United States*, No. 1:97-CV-633, 2008 WL 149036 (E.D. Va. Jan. 8, 2008), *aff'd in part,  dismissed in part*, 279 F. App'x 239 (4th Cir. 2008) (unpublished), *cert. denied*, 129 S. Ct. 330 (2008)).  Hazel thereafter filed a direct appeal and several motions seeking a new trial

(*United States v. Hazel*, 33 F.3d 53, 1994 WL 440407 (4th Cir. 1994), *cert. denied*, 514 U.S. 1015 (1995)); an original 28 U.S.C. § 2255 motion to vacate, alter or amend, which was denied and affirmed on appeal, *see United States v. Hazel*, 131 F.3d 137, 1997 WL 770508 (4th Cir. 1997), *cert. denied*, 523 U.S. 1066 (1998)); a mandamus action, which was also denied and affirmed on appeal, *see In re Bobby Hazel*, 46 F. App'x 182, 2002 WL 3186328 (4th Cir. 2002), *cert. denied*, 537 U.S. 1220 (2003)); numerous attempts to file successive § 2255 motions (*see*, *e.g.*, *United States v. Hazel*, 182 F.3d 910, 1999 WL 1175 (4th Cir. 2000); *see also Hazel*, 2008 WL 149036 at *1-4; and multiple applications to the Fourth Circuit for permission to bring another § 2255 motion (*Hazel v. United States*, 279 F. App'x 239, 2008 WL 2225588 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 330 (2008)).

Hazel has also filed other § 2241 petitions.  While confined in a BOP facility located in Pennsylvania, Hazel filed a § 2241 habeas petition in federal court in the Middle District of Pennsylvania, claiming that the trial court had denied his first § 2255 motion summarily; failed to address the merits of his claims in his several other § 2255 collateral attacks; and that he was actually innocent.  The district court denied habeas relief, and that denial was affirmed on appeal. *Hazel v. Smith*, 142 F. App'x 131 (3rd Cir. 2005), *cert. denied*, 547 U.S. 1180 (2006).

In June 2009, Hazel filed a § 2241 petition in this Court, in which he continued to collaterally challenge his federal conviction.  *See Bobby E. Hazel v. Eric D. Wilson, Warden*, No. 6:09-CV-206-GFVT (E. D. Ky. 2009)   Again, Hazel argued that the Virginia district court had improperly adjudicated, or failed to fully examine, the claims presented in his initial § 2255 motion (and in the subsequent motions for recusal and reopening), and that his actual innocence claim had never been resolved on the merits because the sentencing judge had improperly applied a

procedural bar.  Hazel thus asserted that his remedy under § 2255 was inadequate or ineffective, and that § 2241 was the proper avenue by which to obtain relief.

On July 7, 2009, this Court denied Hazel's § 2241 petition, finding that it was essentially the same petition which Hazel had unsuccessfully filed in the Middle District of Pennsylvania; that Hazel's remedy under § 2255 was not inadequate or ineffective because Hazel raised, or could have raised, his claims in the original § 2255 motion; and that Hazel had failed to state a claim for actual innocence based on an intervening change in the law.  [R. 5, therein]   Hazel appealed, but denial of Hazel's § 2241 petition was affirmed, was the denial of Hazel's subsequent motion for reconsideration.  [R. 11, therein; *Bobby E. Hazel v. Eric D. Wilson, Warden*, No. 09-5865 (6th Cir. May 4, 2010)]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Hazel seeks a compassionate release from federal custody based on 18 U.S.C. § 3582 (c)(1)(A).  Hazel's submission appears to claim that an exculpatory videotape of the dormitory where the murder victim was found and an audio recording of a material witness were not produced during his federal criminal trial, and that because of this alleged action (or inaction) "extraordinary or compelling circumstances" exist which entitle him to a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i).  Hazel has pursued two sets of administrative remedies relative to his request, both of which the BOP denied.  *See* December 23, 2013, Response of Warden J.C. Holland [R. 1, p. 15] (denying Administrative Remedy No. 760431-F1); July 15, 2014, Response of Harrell Watts, Administrator BOP National Appeals [*Id*., p. 16] (denying Administrative Remedy No. 760431-A1); and January 4, 2016, Response from Warden J.C. Holland, [*Id*., p. 17] denying Hazel's "Request for Compassionate Release."

In his December 23, 2013, Response denying Hazel's earlier Request for an Administrative Remedy, former USP-McCreary Warden J.C. Holland explained that the BOP had considered Hazel's request for a compassionate release under BOP Program Statement 505.49, but had rejected it because Hazel did not provide grounds that the BOP considered to be "extraordinary or compelling" circumstances. [R. 1, p. 15]  Holland further observed that Hazel had appealed the BOP's denial to the sentencing judge in the Virginia federal court, but on August 24, 2011, that court denied Hazel's appeal.  [*Id*.][3]  Finally, Holland explained that Hazel had failed to submit a properly detailed release plan which identified where he would live, how he would support himself, or how he would receive and pay for his medical treatment.  [*Id*.]  Holland concluded his response by stating:  "Regardless of you not providing a proposed release plan your argument for compassionate release is not justifiable."  [*Id*.].

Hazel did not attach either his appeal to BOP's Mid-Atlantic Regional Office, or that office's denial of his BP-10 appeal, but he attached the July 15, 2014 Response of Harrell Watts, Administrator BOP National Appeals, in which Watts denied Hazel's BP-11 appeal (Administrative Remedy No. 760431-A1).  Watts explained that a sentencing court is allowed to grant a request for a sentence reduction "on motion of the Director of the Bureau of Prisons. . . ." [*Id*., p. 16]  Watts noted that the criteria for that request is set forth in BOP Program Statement 5050.49, *Compassionate Release/Reduction in Sentence:  Procedures of Implementation of 18*

---

[3] The Court has reviewed the criminal docket sheet from the district court in the Eastern District of Virginia where Hazel was convicted and sentenced, *United States v. Bobby Hazel*, No. 1:93-CR-62 (E. D. Va. 1993), and has located a docket entry form August 23, 2011, which reads:  "**ORDER** as to Bobby Hazel. **ORDERED** that the United States file an answer to the motion within 23 days of the date of this Order. Signed by District Judge James C. Cacheris on 8/23/2011. (tche) (Entered: 08/24/2011)."  [Docket Entry No. 76, therein]  This Court cannot electronically access that order to ascertain what, if any, discussion it contains relative to Hazels' request for a sentence reduction/compassionate release.  Documents filed in that proceeding prior to September 11, 2012, are not electronically accessible.  *See* R. 91, therein.

*U.S.C. §§ (c)(1)(A) and 4205(g)*.[4]  [*Id*.]   Watts agreed with Warden Holland that Hazel's request

was not based on the criteria set forth in PS 5059.49, and that Hazel had not presented

"extraordinary and compelling circumstances indicating that a sentence reduction was warranted .

. . such as evidence from your sentencing court or the Court of Appeals that you are serving an

improper or illegal sentence."  [*Id*.]

When Hazel requested the same relief by administrative remedy about two years later,

Warden J. C. Holland again denied the request on January 4, 2016, citing essentially the same

reasons he had previously listed in December 2013.  [*Id*., p. 17]  Holland again concluded that

Hazel's request for a compassionate release was devoid of facts which would qualify as an

"extraordinary" circumstance, and that on August 24, 2011, United States District Judge James C.

Cacheris had considered, but rejected, Hazel's request.  [*Id*.]

In his § 2241 petition, Hazel appears to be alleging that Judge Cacheris lacked jurisdiction

to deny him relief for compassionate release,  *See* R. 1, p. 4; p. 7.  Hazel further alleges that the

BOP improperly rejected his two requests for compassionate release (based on the alleged

exclusion of the videotape of the dormitory where the murder occurred and a recording of a

material witness), and that the denials were arbitrary and capricious, an abuse of discretion, and

hence a violation of the Administrative Procedures Act, 5 U.S.C. § 706, *et seq*.  *See* R. 1. pp. 6-9.

Hazel also alleges that the Respondent (whom he identified as "Charles Samuels, Director of the

BOP") has failed to assist him in preparing a release plan.  Hazel now asks this Court to set aside

the BOP's decisions denying his request for compassionate release from federal custody, and to

---

[4] Title 18 § 4205(g) provides as follows: "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served.  The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."

grant him a writ of habeas corpus by ordering a compassionate release/reduction of his life sentence.

## DISCUSSION

Hazel's request for a writ of habeas corpus and/or a "compassionate release" must be **denied**. The "compassionate release" provision found in 18 U.S.C. § 3582 (c)(1)(A)(i), states that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction. . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). In light of the statute's plain requirement that only the BOP has standing to make such a request for release, the majority of courts – including the Sixth Circuit – have held that a federal district court "lacks authority to review a decision by the BOP not to seek a compassionate release for an inmate under § 3582(c)(1)(A)(i)." *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011) (collecting cases).[5] As the Sixth Circuit explained

---

[5] In *Crowe*, the Sixth Circuit stated:

> Based on this broad grant of discretion, a number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir.1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir.1987) (same); *Crawford v. Woodring*, No. CV 08–362–GW, 2009 WL 6575082, at *6 (C.D.Cal. Dec. 11, 2009) (dismissing as unreviewable prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); *Gutierrez v. Anderson*, No. 06–1714, 2006 WL 3086892, at *4 (D. Minn. Oct. 30, 2006) (same*); see also Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (holding that the district courts lack "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons"). Consistent with these decisions, we hold that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i).

*Crowe*, 430 F. App'x at 485.

in *Crowe*, ". . . the statute [18 U.S.C. § 3582(c)(1)(A)(i)] places no limits on the BOP's authority to seek or not seek a sentence reduction on behalf of a prisoner, nor does it define--or place any limits on--what 'extraordinary and compelling reasons' might warrant such a reduction.  The BOP, in other words, has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i)."  *Crowe*, 430 F. App'x at 485.  Thus, Hazel's § 2241 petition fails to set forth grounds entitling him to the relief which he seeks, *i.e.*, an order directing the BOP to grant him a compassionate release and/or sentence reduction under § 3582(c)(1)(A)(i).

Further, as Harrell Watts accurately noted in his July 15, 2014, Response denying Hazel's BP-11 appeal, only a sentencing court can allow a sentence reduction/compassionate release under 18 U.S.C. § 3582, *see* (c)(1)(A)(i), which means that the process must be undertaken in the district court where the prisoner was sentenced.  *See Justice v. Sepanek*, No. 12-CV-74-HRW (E.D. Ky. Mar. 11, 2013) (holding that this Court lacked jurisdiction to grant habeas relief ordering compassionate release under § 3582); *Caudill v. Hickey*, No. 12-CV-7-KKC, 2012 WL 2524234 (E.D. Ky. June 29, 2012) (holding that compassionate release must be requested in and ordered by the sentencing court); *Quaco v. Ebbert*, No. 1:CV-12-117, 2012 WL 1598136, at *2 (M. D. Pa. May 7, 2012) (finding that a § 2241 petition was not the proper vehicle for obtaining a compassionate release and because it is typically pursued in the sentencing court); *Smoke v. United States*, No. 09-2050 (JRT/AJB),2009 WL 5030770, at *4 (D. Minn. Dec. 14, 2009) (same).  Thus, a compassionate release cannot be granted in a § 2241 proceeding such as this; any sentence reduction based on compassionate under § 3582 must be approved by the district court that imposed the sentence.

Hazel also alleges that the BOP's denial of his requests for compassionate release violates the APA because the denials were based on BOP regulations that were improperly promulgated,

and because the BOP's decisions were "arbitrary and capricious."  On these claims, Hazel fares

no better, as the Sixth Circuit addressed and rejected the same arguments in *Crowe*, stating, "[t]he

district court also correctly determined that, even if viewed as a request for review of agency action

under the Administrative Procedure Act, 5 U.S.C. § 701-706, Crowe's petition lacks merit because

federal courts have no authority to review or countermand the BOP's decision not to seek a

compassionate release for an inmate."  *Id*. at 484; *see* 5 U.S.C. § 701(a)(2) (stating that Chapter §

701 does not apply to the extent that "agency action is committed to agency discretion by law").

This result has been followed in other courts, including this one, which have held that the

BOP's policy of generally restricting compassionate release to inmates who have been diagnosed

with medical conditions that are terminal within one year, or who suffer from severely debilitating

and irreversible conditions that render them unable to provide self-care, permits the BOP to

exercise its discretion, and thus qualifies as an interpretive rule which is not subject to challenge

under the APA.  *Williams v. Van Buren*, 117 F. App'x 985, 987 (5th Cir. 2004); *Hubbs v. Dewalt*,

No. 05-CV-512-JBC, 2006 WL 1232895, at *4 (E.D. Ky. May 8, 2006) ("The BOP's policy of

generally restricting compassionate release only to these [terminally ill] inmates is not in the statute

or the regulation.  However, this statement in PS 5050.46 serves to permit the exercise of discretion

on the part of the Bureau.  Therefore, it is an interpretive rule; and as such is exempt from the

notice and comment rulemaking procedures of the APA.") (citing *Williams*, 117 F. App'x at 985).

Another provision of the APA requires the Court to "hold unlawful and set aside agency

action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law," *see* 5 U.S.C. § 706(2)(A), but again, this Court finds the

BOP's decisions were not arbitrary and capricious, and that no violation of § 706(2)(A) occurred.

Procedures for the implementation of 18 U.S.C. § 3582(c)(1)(A) are set forth in 28 C.F.R. §§

571.60 through 571.64, and Warden Holland followed those procedures when he denied Hazel's two requests for compassionate release.  Warden Holland's two decisions to deny Hazel's request for compassionate release were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Hazel was provided with written notice in both instances, which specifically stated the reasons for the denial; the Warden considered factors pertinent to the exercise of the BOP's discretion and gave a plausible explanation for the exercise of that discretion; thus, his decisions were not arbitrary or capricious.  Hazel had the opportunity to appeal through the Administrative Remedy Procedure, which he did in connection with Administrative Remedy No. 760431-F1.[6]  Under these facts, the Court is not inclined to substitute its judgment for that of the BOP.

In summary, Hazel has no protected entitlement to a compassionate release and/or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), nor has he alleged any violation of the APA which would warrant habeas relief under §2241 with respect to his request for a compassionate release and/or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

1.      The Clerk of the Court shall **LIST**, on the CM/ECF cover sheet, "Bobby Hazel" as an alias designation to Petitioner Bobby E. Hazel.

2.      The Clerk of the Court shall **SUBSTITUTE**, on the CM/ECF cover sheet, Ray Ormond, Warden of the USP-McCreary, as the Respondent to this proceeding, in place of Charles Samuels, the Director of the BOP.

---

[6] It is unclear from the record whether Hazel administratively appealed Warden Holland's January 4, 2016, denial of his second request for compassionate release to the MARO and/or to BOP's General Counsel (National Inmate Appeals).

3.      Hazel's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

4.      The Court will enter a Judgment contemporaneously with this order.

5.      This matter is **STRICKEN** from the docket.

This 4th day of May, 2016

Signed By:

*David L. Bunning*     DB

United States District Judge

K:\DATA\ORDERS\London\2016\Hazel 16-71-DLB Dismiss 2241 CKS.docx